UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

vs.                                         **CASE NO. 3:06-CV-00179 GTE**

**JOHN MARK RIDGE and DEANNA M. RIDGE his wife;**
**JIMMY D. BOWMAN and EVELYN BOWMAN, his wife;**
**UNKNOWN TENANTS OF 200 A&B MARCELLA DRIVE,**
**LAKE CITY, AR 72437**                                                                       **DEFENDANTS**

ORDER STRIKING MOTION

Plaintiff United States of America has filed a motion styled "Application for Clerk's Default and Default Judgment," which was docketed as a "Motion for Entry of Default."[1] The Court concludes that this motion should be stricken. There are two problems with the motion, both of which are discussed separately below.

**(A)    Application for Clerk's Default and Motion for Default Judgment must be filed separately.**

Fed. R. Civ. P. 55 contemplates a two step process for the entry of default judgments. First, under Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995).

"Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also*

---

[1] Docket entry # 43.

*Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement).

In the Court's view, the two motions should not be combined, but should be filed separately. While the Court could treat the motion as a motion for entry of a Clerk's Default and refer it to the Clerk's office for consideration, the Court declines to do so here.[2]

**(B)    Two parties against whom a Clerk's Default & Default Judgment are sought have not been made parties.**

Plaintiff's original Complaint, filed September 29, 2006, named John Doe defendants described solely as "Unknown Tenants of 200 A & B Marcella Dr., Lake City, AR 72437" (hereinafter "Unknown Tenants"). The Complaint alleges in paragraph 13 that the Unknown Tenants "may claim an interest in the real property that is the subject of this action by virtue of a rental agreement / occupying the property" and that such any such interest is inferior to the United States's interest or claim.

On December 4, 2006, the United States filed an Affidavit of Service as to Defendant Sequoi Heit, described as a tenant occupying 200 B Marcella Drive. The United States never sought to formally add Sequoi Heit as a party to the action.

On March 9, 2007, Plaintiff filed an Amended Complaint, added Bank of America, N.A. as a party defendant and removed Regions Bank, N.A., as a party defendant.[3] With the filing of the Amended Complaint, the United States Sequoi Heit is described in paragraph 13 of the

---

[2] The Court notes that the prayer for relief does not request a Clerk's Default or specifically distinguish between the relief sought against the Passmores and the Ridges. It reads in its entirety: "WHEREFORE, the Plaintiff, United States of America, respectfully prays for judgment as requested in the Plaintiff's Complaint, as amended, and foreclosure sale of the real property which is the subject of this action." The request is inadequate for either an Application for Clerk's Default or Motion for Default Judgment.

[3] Docket entry # 11.

Amended Complaint as the tenant of 200 B Marcella Drive, but the Amended Complaint does not name this person as a party. The United States never made any effort to name Sequoi Heit as a party.

On August 14, 2009, Plaintiff filed the above described Application for Clerk's Default and Default Judgment.  For the first time, the United States names Billy and Summer Passmore[4] as known tenants of "200 Marcella B Drive" and seeks a default judgment against them.

It would not be appropriate to issue either a Clerk's Default or a Default Judgment against Billy or Summer Passmore, neither of whom has been made a party to this lawsuit.

## CONCLUSION

The Court concludes that the best remedy for the above described issue with Plaintiff's motion is to strike it from the record.

IT IS THEREFORE ORDERED that Plaintiff's Application for Clerk's Default and Default Judgment (docket entry # 43), be, and it is hereby, STRICKEN.

IT IS FURTHER ORDERED, *sua sponte*, that the Clerk of the Court remove Sequoi Heit's name from the docket sheet because she was never properly made a party defendant.

IT IS SO ORDERED this   27th   day of August, 2009.

 /s/Garnett Thomas Eisele  
UNITED STATES DISTRICT JUDGE

---

[4] An affidavit attached to the motion refers to "Billy Passmore, Jr."  It is unclear whether this is the same Billy Passmore described in the motion.