IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                    No.  3:06CV00179 GTE

JOHN MARK RIDGE AND
DEANNA M. RIDGE, HIS WIFE;
JIMMY D. BOWMAN, AND
EVELYN BOWMAN, HIS WIFE;
UNKNOWN TENANTS OF
200 A & B MARCELLA DRIVE,
LAKE CITY, AR 72437; BANK OF AMERICA, N.A.
(Formerly Nations Bank, N.A.); AND REGIONS
BANK, N.A. (FORMERLY UNION PLANTERS BANK, N.A.)        DEFENDANTS

## CONSENT JUDGMENT

COME NOW the United States of America, on behalf of the Plaintiff by and through

its attorneys, Jane W. Duke, United States Attorney for the Eastern District of Arkansas, and

Gwendolyn D. Hodge, Assistant United States Attorney for said District, and Arlon L.

Woodruff, Attorney for Defendants Jimmy D. Bowman and Evelyn Bowman, his wife, do

hereby consent to entry of Consent Judgment as follows :

1.   The Court has jurisdiction over the parties and over the property which is the

subject of this cause of action.

2.   Defendants John Mark Ridge and Deanna M. Ridge, his wife are in default on their

obligation to plaintiff and are indebted to the United States of America, U.S. Department of

Agriculture, Farm Service Agency, formerly Farmers Home Administration, in the total

principal sum of $93,028.41, plus interest in the sum of $8,900.03, accrued to August 12,

2009,  and thereafter at the daily rate of $9.62 until date of this judgment and thereafter at the

statutory rate pursuant to 28 U.S.C. §1961, plus advances and recoverable charges, and any

additional advances and recoverable charges made during the pendency of this action and

costs of $300.00.  Plaintiff United States of America, U.S. Department of Agriculture, Farm

Service Agency, formerly Farmers Home Administration, is  hereby awarded judgment *in rem* against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

3.  The above-described indebtedness due and owing to the plaintiff is secured by mortgages recorded as follows:

| MORTGAGE DATE | RECORDATION DATE | BOOK AND PAGE |
|---|---|---|
| 6/24/99 | 6/24/99 | Book 96, Page 82 |

Plaintiff's mortgage constitutes good and valid mortgage lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants, Jimmy D. Bowman and Evelyn Bowman, his wife, in and to the following described property in Craighead County, Arkansas:

> A part of the Southwest Quarter of the Northwest Quarter and a part of the Southeast Quarter of the Northwest Quarter of Section 27, Township 14 North, Range 6 East, Craighead County, Arkansas being described as follows: Begin at the Northwest corner of said Southwest Quarter of the Northwest Quarter; run thence along the 40 acre line South 87˚ 48' East 1312.2 feet; thence along the East right of way of Marcella Drive South 00˚ 12' West 440.0 feet to the point of beginning proper; thence South 87˚48' East 110.0 feet; thence South 00˚ 12' West 90.0 feet; thence 87˚ 48' West 110.0 feet to a point on said East right of way of Marcella Drive; thence North 00˚ 12' East 90.0 feet to the point of beginning proper, containing 0.227 acre, more or less, and being subject to a 15 foot Utility Easement along the West side and a 7.5 foot Utility Easement along the East side of said property.

together with all improvements and appurtenances thereon.

4.  After having been properly served, John Mark Ridge and Deanna Ridge, his wife, known and unknown tenants of the subject property, have not filed an answer and are in default.

5.   Bank of America holds a mortgage on the subject property.  The mortgage was

filed on April 1, 1999, in Book 95, page 1 in the Circuit Clerk's Office, Craighead County, Arkansas. The lien of Bank of America was subsequently assigned to Bowman Bros., Inc. and shall constitute a first lien on the property in the amount of $18,232.08. Said mortgage lien is superior to that of the Plaintiff's.

6.     Jimmy D. Bowman and Evelyn Bowman, his wife  have answered and consent to judgment *in rem*.

7.     The indebtedness owed to the U.S. Department of Agriculture, Farm Service Agency, consists of a Note dated 6-9-2000 in the sum of $103,264.38 rescheduled from Note #43-08 dated 6-24-99, as set forth in the plaintiff's amended complaint.

8.     Plaintiff's mortgage recorded on June 24,1999, constitutes collectively a lien against the above described property, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, homestead, of all of the defendants herein in and to the above described property in Craighead County, Arkansas, with the exception of that of Bank of America, assigned to Bowman Bros. Inc. Said mortgage liens secure an indebtedness of principal in the sum of $93,028.41, interest in the sum of $8,900.03 accrued to August 12, 2009 and thereafter at the daily rate of $9.62 to the date of the entry of this judgment, and thereafter at the statutory rate pursuant to 28 U.S.C. 1961, plus any additional advances and recoverable charges made during the pendency of this action, and the costs of $300.00.

9.     The lien of Bowman Bros. Inc., successor in interest to Bank of America, shall constitute a first lien on the property in the amount of $18,232.08. Bowman Bros. Inc., successor in interest to Bank of America, is entitled to Judgment *in rem* against the herein above described property plus attorney fees in the amount of $1,823.20.

IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED as follows:

a)      Bowman Bros. Inc., successor in interest to Bank of America, shall have a first lien on the subject property by virtue of an assignment from Bank of America dated March 9, 2009, and is entitled to judgment *in rem* in the amount of $18,232.08 and attorney fees in the amount of $1,823.20.

b)      Plaintiff, United States of America, has a second lien on the subject property and is entitled to judgment *in rem* in the principal amount of $93,028.41, interest in the sum of $8,900.03 accrued to August 12, 2009 and thereafter at the daily rate of $9.62 to the date of the entry of this judgment, and thereafter at the statutory rate pursuant to 28 U.S.C. 1961, plus any additional advances and recoverable charges made during the pendency of this action and costs of $300.00.

c)      Defendants unknown tenants are dismissed without prejudice.

10.      If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the North front door of the Craighead County Courthouse, Lake City, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall

pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If either the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

11.  Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all parties in and to said property and every part thereof shall from that date be foreclosed and forever barred.

12.  The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

13.  The sales proceeds, after expenses of sale, shall be paid and distributed to Bowman Bros. Inc., successor in interest to Bank of America , as first lien holders and then second to United States of America, U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration.  Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

14.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

## IT IS SO ORDERED.

DATED this  2nd   day of   October  , 2009.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

Approved:

*/s/ Gwendolyn D. Hodge*
Gwendolyn D. Hodge
Assistant U.S. Attorney
Attorney for Plaintiff

Approved:

*/s/ Arlon Woodruff*
Arlon Woodruff
Woodruff & Huckbay
204 Cobean
Lake City, AR 72437
Attorney for Jimmy D. Bowman and Evelyn Bowman